MORRIS BROWN v. STATE.

No- A-2966. Opinion Filed June 9, 1919.

Rehearing Denied Jan. 12, 1920.

Appeal from Superior Court, Muskogee County; H. C. Thurman, Judge.

Morris Brown and Tom Mundy were jointly informed against for knowingly and unlawfully having possession of intoxicating liquors and defendant Mundy was acquitted, and defendant Brown was convicted, and the latter appeals. Modified and affirmed.

P. A. Gavin, McAdams & Haskell, and J. Fentress Wisdom, for plaintiff in error.

S. P. Freeling, Atty. Gen., and W. C. Hall, Asst. Atty. Gen., for the State.

PER CURIAM. Plaintiff in error, Morris Brown, and Tom Mundy were jointly informed against and tried upon an information charging that in Muskogee county on or about the 21st day of August, 1916, they did knowingly and unlawfully have the possession of certain intoxicating liquors, and upon their trial the jury rendered verdicts acquitting the defendant Mundy and convicting the defendant Brown and fixed his punishment at confinement in the county jail for six months and to pay a fine of $500. From the judgment rendered on the verdict he appeals.

The evidence shows or tends to show that the defendant Brown was the owner and conducted a drug store in the city of Muskogee, known as the Indiana drug store; that on the day alleged in the information the assistant chief of police, and another police officer raided this drug store and found nine quarts of gin and two or three pints of whisky and a gallon of alcohol; that the drug store had the reputation of being a place where intoxicating liquors were kept and sold.

Various errors are assigned in the petition in error and argued in the brief as grounds for reversal of the judgment, but, after a careful examination of the record, we do not find that they are entitled to serious consideration. It is contended that the maximum penalty of the law fixed by the verdict of the jury was the result of injurious remarks of the trial judge in the presence of some of the jurors that tried the case.

The question presented was passed upon at this term in the case of Pate v. Smith, 15 Okla. Cr. 90, 175 Pac. 122, wherein said remarks

were held not to be prejudicial and properly within the scope of the trial court's duty.

It is also contended that the court erred in its rulings in admitting over the defendant's objection incompetent evidence as to the reputation of the drug store. Several objections to the evidence on this phase of the case were well taken. However, there was no defense made, and these errors would not warrant a reversal in the absence of any denial of guilt. The legitimate proof disclosed by the record is sufficient to establish the defendant's guilt of the offense charged. It may be, however, that the maximum punishment was fixed by the jury by reason of such incompetent evidence, and we think that, in view of the fact that this was the defendant's first conviction, he should be given the benefit of any possible doubt, and in furtherance of justice the judgment and sentence should be modified.

It is therefore ordered that the judgment be modified to a fine of $250 and imprisonment in the county jail for three months.

The judgment as so modified is affirmed.